UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Charles B. Norlem,

    Defendants.

Civil No. 07-4799 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Shana M. Starnes for Plaintiff.
Kenneth Keate for Defendant Charles B. Norlem.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 24, 2009 on Plaintiff's Motion for Default Judgment As To Lisa Aspelin By United States Of America [#68]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's motion be granted.

## I. FINDINGS OF FACT

The Government has moved for default judgment against Lisa M. Aspelin. Aspelin is named as a defendant in this lawsuit because the Government had information that she may have an interest in real property owned by Defendant Charles B. Norlem. (Pl.'s Mem. Supp. 1-2.) The Complaint states that Aspelin is a party under 26 U.S.C. § 7403(b) because she may claim an interest in Norlem's Hennepin County property against which the Government has filed federal tax liens. (Compl. ¶ 5.) The subject property is located at on Edgewood Ave. N. in Brooklyn Park, MN 55428. (Compl. ¶ 13.)

As of August 1, 2009, Aspelin has not entered an appearance in the lawsuit, answered the

Complaint (personally served upon her Feb. 5, 2008) or responded in any way to the Government's claims. (Doc. No. 12.) Aspelin's answer was due February 25, 2008. *Id.* The Court Clerk entered default judgment against Aspelin pursuant to Federal Rule of Civil Procedure 55(a) on March 19, 2009. (Doc. No. 47.) At the hearing, counsel for Defendant represented that he had spoken with Aspelin and that she had informed him she claimed no interest in the property and wants nothing to do with the instant lawsuit. (Doc. No. 79.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default. Fed. R. Civ. P. 55 (a). When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Fed. R. Civ. Proc. 55(b)(1). In all other cases, the party entitled to a judgment by default shall apply to the court for a default judgment. Fed. R. Civ. Proc. 55(b)(2).

## III. LEGAL ANALYSIS

The Government argues that it is entitled to a default judgment pursuant to Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55(b). It appears to the Court, based upon summons filed on February 26, 2008, that Defendant Lisa Aspelin was personally served with the summons and complaint on February 5, 2008. (Doc. No. 12.) It further appears, from the absence of any entry of appearance or responsive pleading in the file, that Aspelin has failed to plead or otherwise

defend as provided in the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' motion for default judgment should be granted pursuant to Federal Rule of Civil Procedure 55(b)(2).

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment As To Lisa Aspelin By United States Of America [#68] be **GRANTED**.


DATED: August 21, 2009            *s/ Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 8, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 8, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.