UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Charles B. Norlem, *et al.*,

    Defendants.

Civil No. 07-4799 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Shana Starnes for Plaintiff.
Kenneth E. Keate for Defendant Charles B. Norlem.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 24, 2009 on the United States' Motion for Summary Judgment [#40]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the United States' Motion [#40] be **DENIED**.

**I.    FINDINGS OF FACT**

Charles B. Norlem did not pay income taxes for the years 1993, 1994 and 1995. (Am. Decl. of Rita Czapko ¶ 10.) From 1993-1995, Norlem owned a medical transcription business in Minnesota. (Am. Czapko Decl. ¶ 16.) In 1998, the IRS reconstructed Norlem's income for the relevant years and prepared income taxes for him pursuant to 26 U.S.C. § 6020(b). (First Decl. Of Rita Czapko ¶ 6.) Although the IRS initially assessed a total of $463,979.92 in taxes, penalties and accrued interest, after Norlem filed amended tax returns for the years at issue, the IRS now claims the total tax due including penalties and interest is $31,107.93 (as of July 20, 2009). Norlem has not paid either the initial assessments or the revised amount sought by the government. The United

States brought this lawsuit to reduce the assessments to judgment.

By the instant motion, the government asks the Court to enter judgment in the amount of $31,107.93. Defendant contends that genuine issues of material fact preclude the entry of summary judgment in favor of the government.

In his amended returns, Norlem claimed automobile expenses in the amount of $3,000 using the actual expense method. (Am. Czapko Decl. ¶ 52.) In Feburary 2009, Norlem claimed automobile expenses of over $14,000 using the standard mileage rate method. (Am. Czapko Decl. ¶ 43.) A taxpayer may only claim automobile expenses using one of the above mentioned methods, not both methods. 26 C.F.R. § 1.274-5(j)(2). When the IRS reviewed Norlem's amended returns, it allowed Norlem to deduct the $3,000 using the actual expense method. The IRS subsequently denied Norlem's attempt to use the standard mileage method instead in February 2009, claiming that he failed to adequately substantiate the records and that the mileage logs are inaccurate.

The IRS also disallowed Norlem's deductions taken for some business expenses that were charged to his American Express Card. Norlem was unable to locate the American Express statements for four months in which he incurred business expenses on the card, but he was able to produce checks written from his business account to pay those credit card bills. (Norlem Decl. Ex. 2, 3.) Norlem was able to produce his American Express credit card statements for 25 other months in the years 1993-1995 and those statements contained business expenses which the IRS allowed. Norlem contends that the *Cohan* Rule should be used to estimate the business expenses for the five credit card bills for which he was unable to produce statements.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

## III. LEGAL ANALYSIS

### A. There is a genuine issue of material fact as to whether Norlem can claim his automobile expenses using the standard mileage rate method.

The IRS contends that Norlem should not be able to claim his automobile expenses using the standard mileage rate because such expenses are subject to strict substantiation and Norlem has failed to meet that burden. Under 26 U.S.C. § 274, no deduction for travel expenses will be allowed "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel . . ., [and] (C) the business purpose of the expense or other item . . ." Treasury Regulation § 1,274-5T(c) addresses the rules of substantiation in greater detail:

> [A] taxpayer must substantiate each element of an expenditure or use . . . by adequate records or by sufficient evidence corroborating his own statement . . . . Written evidence has considerably more probative value than oral evidence alone. In addition, the probative value of written evidence is greater the closer in time it relates to the expenditure or use. A contemporaneous log is not required, but a record of the elements of an expenditure . . . made at or near the time of the expenditure or use, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected made at or near the time of the expenditure or use supported by sufficient documentary evidence.

26 C.F.R. § 1.274-5T(c)(1).

The IRS disallowed the automobile expenses using the standard mileage rate method because the IRS contends that Norlem's mileage logs were reconstructed fourteen to sixteen years after the purported travel occurred. (Am. Czapko Decl. ¶ 46.) In addition, the IRS contends that Norlem failed to provide invoices, receipts, or credit card statements indicating that he incurred any of the claimed mileage expenses. The IRS claims that the mileage logs are inaccurate because the logs

indicate that Norlem drove the daily route every weekday for three years with few holidays, no sick days and hardly any vacation days. (Am. Czapko Decl. ¶ 49.) The IRS claims the logs are inaccurate because the mileage log conflicts with Norlem's credit card statements in at least four instances in which the log states Norlem was driving his car to pick up transcripts; however the credit card statements indicate Norlem was paying for lodging in other states at those times. (Am. Czapko Decl. ¶ 50.)

The Court has examined Norlem's mileage logs, and the logs set forth the information required by § 274: (1) the amount of miles driven; (2) the time and place where the car was driven; and (3) the business purpose (to pick up medical tapes to be transcribed). (Declaration of Charles B. Norlem Ex. 4.) Norlem does not deny that the mileage logs were reconstructed (Norlem Decl. ¶ 11.) and the regulations do not require that a log be contemporaneous. 26 C.F.R. § 1.274-5T(c)(1). In response to the IRS contention that the logs are inaccurate because there are few vacation and sick days and the logs are inconsistent with Norlem's credit card statements, Norlem states in his Declaration that when he was out of town other employees drove his vehicle to pick up transcription tapes. (Norlem Decl. ¶ 12.) He states his credit card statements which reflect charges for car rentals in other states support his contention that he left his car in Minnesota for employees to drive when he was out of town. (Norlem Decl. Ex. 1.) Indeed, his American Express statement for December 1994 reflects charges for renting a car from Avis.[1] *Id.* Norlem has set forth specific facts

---

[1] In Czapko's Amended Declaration, she states that the mileage log conflicts with the American Express statements in at least four instances: March 27, 1995 (credit card statements indicate Norlem was paying for lodging in Iowa and mileage log indicates he was driving his normal route in Minnesota); June 13-14, 1995 (credit card statements indicate Norlem was in Iowa and mileage log indicates he was driving his normal route in Minnesota); September 18, 1995. Norlem's credit card records however show that he rented a car from Avis on March 20, 1995 (a charge totaling $242.72). (Norlem Decl. Ex. 2.) His credit card records also show he

demonstrating there is a genuine issue for trial concerning whether he is allowed to claim automobile expenses using the standard mileage rate method rather than the actual expense method.

      **B.**    **There is a genuine issue of material fact as to whether Norlem should be able to deduct business expenses charged to his American Express card in the four months for which Norlem cannot produce credit card statements.**

The IRS disallowed business expenses totaling $2,433.69 because the IRS claimed that Norlem failed to provide any substantiation. (Am. Czapko Decl. ¶ 37.) The Court presumes these claimed expenses were charged to Norlem's American Express card in the four months for which Norlem cannot produce credit card statements.[2]

Norlem requests that the *Cohan* Rule be used to estimate his business expenses for these four months for which he cannot produce American Express statements. The *Cohan* Rule provides that the court may make an estimation of business expense deductions when a taxpayer is unable to produce evidence substantiating the exact amount of a claimed deduction. *Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). The *Cohan* Rule has been superseded by statute with respect to some business expense deductions including those for travel, meals and entertainment, and automobile expenses. 26 U.S.C. § 274; Treas. Reg. § 1.274-5(a). The IRS contends that for the *Cohan* Rule to

---

rented a car from Hertz on September 14, 1995 (a charge of $400.42). (Norlem Decl. Ex. 2.) These records support Norlem's contention that when he went out of town he left his car in Minnesota and allowed employees to use it to pick up transcription tapes.

    [2] A Quickbooks summary of all payments made out of the All-Star Transcription bank account indicate that the following payments were made to American Express in the months for which Norlem cannot now locate the credit card statements:
        check #1711, dated 06/28/1994 in the amount of $624.19;
        check #1756, dated 08/02/1994 in the amount of $371.52;
        check #1799 dated 08/29/1994 in the amount of $723.90;
        check #2048 dated 02/08/1995 in the amount of $732.48
                      TOTAL:  $2452.09

apply, there must be a basis on which the court can make an approximation. *Vanicek v. Commissioner*, 85 T.C. 731, 742-43, 1985 WL 15409 (1985).

In this case there is certainly a basis on which the Court can make a approximation for the amount of business expenses charged to the credit card for the four months at issue. Norlem was able to produce American Express credit card statements for 25 other months in the years 1993, 1994 and 1995. (Norlem Decl. Ex. 2.) The IRS allowed business expenses to be claimed for some of the charges made in those 25 months. There is a record of expenses allowed (Norlem Decl. Ex. 2) and a record of the credit card bills for those 25 months (Norlem Decl. Ex. 3.) The Court could estimate the amount of deductible expenses for the four months at issue based on the amount of deductible expenses allowed in the other 25 months for which there are credit card statements. There is a genuine issue of material fact as to whether Norlem should be entitled to take business expense deductions for the four months at issue.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that United States' Motion for Summary Judgment [#40] be **DENIED**.


DATED: September 2, 2009　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 16, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 16, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.